2012 JUN -1  AM 9: 30

CLE...
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS JONES, JR.,<br>CDCR #G-41716,<br><br>                                    Plaintiff,<br><br>                        vs.<br><br>DR. ANTHONY VAIL; M. GLYNN;<br>L.D. ZAMARA; CLIFF ALLENBY,<br><br>                                    Defendants. | Case No.    11-cv-02144 BEN (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>**(ECF No. 9)** |

Elvis Jones, Jr. ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, is proceeding in pro se and *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.

## I.   PROCEDURAL HISTORY

On September 15, 2011, Plaintiff filed his Complaint, naming Defendants Dr. Anthony Vail, M. Glynn, L.D. Zamara, and Cliff Allenby. (ECF No. 1). On November 22, 2011, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") and directed the United States Marshal's Service to effect service of the Complaint on the named Defendants. (ECF No. 3.) On February 6, 2012, Defendants Vail and Glynn filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Plaintiff filed

- 1 -

1  a request for extension of time to file an Opposition to Defendants' Motion. (ECF No. 12.)

2       The Court granted Plaintiff's request and informed him that he must file his Opposition

3  by May 21, 2012. (ECF No. 13.) That time has since passed, and Plaintiff has failed to file

4  an Opposition to Defendants' Motion. The Court has determined that Defendants' Motion is

5  suitable for disposition upon the papers without oral argument and that no Report and

6  Recommendation from Magistrate Judge Jan M. Adler is necessary. *See* S.D. CAL. CIV. L.R.

7  7.1(d)(1), 72.3(e).

8  **II.   FACTUAL ALLEGATIONS**[1]

9       Plaintiff has been incarcerated at the Richard J. Donovan Correctional Facility ("RJD")

10  since December 4, 2008. (*See* Compl. at 1.) Upon arrival, Plaintiff was identified as a patient

11  in the mental health program. (*Id.*) Prior to his incarceration, Plaintiff had been diagnosed

12  with bipolar and post traumatic stress disorder ("PTSD"). (*Id.*) When Plaintiff began

13  treatment on April 26, 2010, he was informed by "Dr. Fijem"[2] that the "state would not provide

14  him treatment for PTSD due to the state experiencing a budget shortage." (*Id.*) After filing

15  a grievance, Plaintiff claims he was told by Defendant Vail that the EOP[3] program did not have

16  adequate staff to provide Plaintiff with this treatment. (*Id.*) Plaintiff asked for a transfer to

17  Atascadero State Hospital, and he claims Defendants refused because this would be seen as

18  "an admission of failure on their part." (*Id.*)

19       Plaintiff was under the care of Dr. Graham[4] who acted as Plaintiff's "case manager."

20  (*Id.*) However, Plaintiff alleged that Dr. Graham had no experience in treating PTSD. (*Id.*)

21  Plaintiff was given the opportunity to switch case managers but was informed that the other

22  case manager also lacked training in the treatment of PTSD. (*Id.*) Shortly thereafter, Dr.

23  Graham was "rotated out" of the treatment program. (*Id.*) As a result, Plaintiff only received

24  treatment in the form of group sessions dealing with inmates who had drug addictions. (*Id.*)

25
26     [1] The allegations are those that are set forth in Plaintiff's Complaint.

27     [2] Dr. Fijem is not a named defendant in this action.

   [3] EOP is an acronym for "Enhanced Outpatient."

28     [4] Dr. Graham is not a named defendant in this action.

1    Plaintiff claims that the lack of adequate or appropriate treatment caused him to have

2    reoccurring dreams of "death and anxiety." (*Id.*)  In addition, Plaintiff claims his cellmates

3    found his behavior disturbing as he would sleep with the cell lights on and screamed

4    "throughout the night." (*Id.*)  Plaintiff was also unable to cope when there were incidences of

5    violence, and he was unable to follow correctional officers directions due to his PTSD. (*Id.*

6    at 5.)  As a result, Plaintiff alleges he began to suffer from extreme paranoia. (*Id.*)

7    **III.   DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

8         Defendants move to dismiss Plaintiff's Complaint on the grounds that: (1) Plaintiff's

9    claims for injunctive relief are precluded as a member of the *Coleman* class; and (2) Plaintiff's

10   Eighth Amendment claims fail to state a claim upon which relief may be granted pursuant to

11   Rule 12(b)(6).

12        **A.    Rule 12(b)(6) Standard of Review**

13        A plaintiff's complaint must provide a "short and plain statement of the claim showing

14   that [he] is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).  "Specific facts are not

15   necessary; the statement need only give the defendant[s] fair notice of what . . . the claim is and

16   the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200

17   (2007) (internal quotation marks omitted).

18        A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory'

19   or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v.*

20   *Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v.*

21   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  A motion to dismiss should be

22   granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on

23   its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

24   plausibility when the plaintiff pleads factual content that allows the court to draw the

25   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

26   556 U.S. 662, 678 (2009).

27        The court need not, however, accept as true allegations that are conclusory, legal

28   conclusions, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v.*

1   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal*, 556 U.S. at 678 ("Threadbare

2   recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3   suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as

4   true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8

5   announces does not require 'detailed factual allegations,' but it demands more than an

6   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting

7   *Twombly*, 550 U.S. at 555). Thus, a complaint will not suffice "if it tenders 'naked

8   assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at

9   557); *Valadez-Lopez v. United States*, 656 F.3d 851, 858-59 (9th Cir. 2011).

10           However, claims asserted by pro se petitioners, "however inartfully pleaded," are held

11   "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404

12   U.S. 519-20 (1972); *Erickson*, 551 U.S. at 94. Because "*Iqbal* incorporated the *Twombly*

13   pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts]

14   continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v.*

15   *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027

16   n.1 (9th Cir. 1985) (noting that courts "have an obligation where the petitioner is *pro se*,

17   particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner

18   the benefit of any doubt")).

19           Nonetheless, in giving liberal interpretation to a pro se civil rights complaint, the court

20   may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of*

21   *Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory

22   allegations of official participation in civil rights violations are not sufficient to withstand a

23   motion to dismiss." *Id.*

24           **B.      Application to Plaintiff's Complaint**

25                   *1.*      Coleman *Class Action*

26           Defendants move to dismiss Plaintiff's Complaint on the ground that his request for

27   injunctive relief is barred by the class action found in *Coleman v. Wilson*, 912 F.Supp. 1282

28   (E.D. Cal. 1995). The Court will take judicial notice of the *Coleman* matter. A court "may

-4-

1  take notice of proceedings in other courts, both within and without the federal judicial system,
2  if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson*
3  *Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

4         Defendants argue that Plaintiff's claims for injunctive relief, which is the only form of
5  relief sought in this action, fall under the purview of the *Coleman* class action and thus, he
6  cannot maintain a separate lawsuit for injunctive relief. (*See* Defs.' Mem. of P. & A. in Supp.
7  of Mot. to Dismiss, at 3.)   The *Coleman* class action arose from a statewide concern by
8  prisoners within the California Department of Corrections and Rehabilitation ("CDCR") that
9  the CDCR "did not have a systematic program for screening and evaluating inmates for mental
10 illness," as well as a concern that the CDCR mental health staff was "constitutionally
11 inadequate." *Coleman*, 912 F. Supp. at 1305, 1307.

12        The class in *Coleman* was certified in 1991 and consists of "all inmates with serious
13 mental disorders who are now or will in the future be confined within the California
14 Department of Corrections." *Coleman v. Brown,* E.D. Cal. Civil Case No. 90-cv-0520 LKK
15 (JFM) (Nov. 14, 1991 Order, at 4-5.) The class was later amended to include "all inmates with
16 serious mental disorders who are now, or will in the future, be confined within the California
17 Department of Corrections." *Id.* (July 23, 1999 Order Granting Stip. & Order Amending
18 Plaintiff Class and Application of Remedy.) The court in *Coleman* ultimately entered an order
19 for injunctive relief under the supervision of a special master. *Coleman*, 912 F. Supp. at 1323-
20 24.   Here, Plaintiff alleges that he is not receiving proper mental health treatment for his
21 serious mental disorder which would make him a member of the *Coleman* class.

22        "Individual suits for injunctive and equitable relief from alleged unconstitutional prison
23 conditions that are the subject of an existing class action 'must be made through the class
24 representative until the class action is over or the consent decree is modified.'" *Valdez v. Forte*,
25 2010 WL 4861459, at *2 (E.D. Cal. Nov. 22, 2010) (citing *McNeil v. Guthrie*, 945 F.2d 1163,
26 1166 (10th Cir. 1991)).   Thus, Plaintiff cannot maintain his claims for injunctive relief in this
27 action until he seeks relief as a member of the class in *Coleman*.   Because Plaintiff seeks only
28 injunctive relief in this action, and not money damages, the Court **GRANTS** Defendants'

1    Motion to Dismiss the entire action for the reasons set forth above.

2              2.    *Eighth Amendment Claims*

3          Defendants also seek dismissal of Plaintiff's Eighth Amendment claims on the ground

4    that he has failed to state a claim upon which relief may be granted pursuant to Federal Rule

5    of Civil Procedure 12(b)(6).  To constitute cruel and unusual punishment in violation of the

6    Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction

7    of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate

8    medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison

9    official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2)

10   "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391

11   F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)

12   (citation omitted)).  Before it can be said that a prisoner's civil rights have been abridged, "the

13   indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

14   'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622

15   F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  "[A]

16   complaint that a physician has been negligent in diagnosing or treating a medical condition

17   does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical

18   malpractice does not become a constitutional violation merely because the victim is a

19   prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316

20   (9th Cir. 1995).

21          A prison official does not act in a deliberately indifferent manner unless the official

22   "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*,

23   511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials

24   deny, delay or intentionally interfere with medical treatment," or in the manner "in which

25   prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

26   1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

27   Cir. 1997) (en banc).

28          Defendants argue that the claims by Plaintiff "portray nothing more than a difference

1  of opinion between him and his treating physicians." (Defs.' Mem. of P. & A. in Supp. of
2  Mot. to Dismiss, at 5.)  The Court disagrees.  Plaintiff, in fact, alleges that he received *no*
3  treatment for his bipolar disorder or his PTSD. (*See* Compl. at 4-5.)  Plaintiff alleges that
4  Defendants acknowledged their inability to have trained mental health staff provide the
5  appropriate treatment for Plaintiff's mental health disorders.  (*Id.*)  At this stage, which
6  requires the Court to accept Plaintiff's allegations as true, the Court finds that Plaintiff's
7  allegations of denial of appropriate treatment has stated an Eighth Amendment deliberate
8  indifference to a serious mental health need.  Thus, Defendants' Motion to Dismiss Plaintiff's
9  Eighth Amendment claims for failure to state a claim pursuant to Rule 12(b)(6) is **DENIED**.
10 However, because Plaintiff does not seek monetary damages in this case and seeks only
11 injunctive relief, the entire action must be dismissed.

12 **IV.   CONCLUSION AND ORDER**

13      Based on the foregoing, the Court hereby:

14      **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss
15 Plaintiff's Complaint (ECF No. 9) pursuant to Rule 12(b)(6) and **DISMISSES** Plaintiff's
16 Complaint without prejudice.

17      The Clerk of Court shall close the file.

18 DATED: _6/01/2012_

19                    HON. ROGER T. BENITEZ
                      United States District Judge